**RANDALL & HOMEL, LLC**
**BY: Glenn Randall, Esquire**
**PA Atty ID No. 81675**
**1511 Norristown Road**
**Ambler, PA 19002**
**215-591-9843**
**Attorney for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
**JOHN VALDETARRO:**

                                :

              **Plaintiff:CIVIL ACTION**

                                :

                                :NO. _____

                                :

                                :THIS IS AN ARBITRATION

**v.:**

                                :

**DANIEL VOLLRATH:**

                                :

**and:**

                                :

**KEN CLARK:**

                                :

**and:**

                                :

**OFFICER TIM HOLT:**

                                :

**and:**

                                :

**OFFICER SEAN GARGAN:**

                                :

                  **Defendants:**
_____:

**<u>COMPLAINT</u>**

      1.This is an action for money and equitable damages to redress the

deprivation by the Defendants of rights secured to the Plaintiff by the Constitution and laws

of the United States and the Commonwealth of Pennsylvania. The Defendants conspired to deprive Plaintiff of his civil rights, to maliciously prosecute, and to intentionally inflict emotional distress. It is alleged that the Defendants caused Plaintiff to be falsely arrested and without a warrant violating his rights under the United States Constitution.

## PARTIES

2.Plaintiff John Valdettaro is an adult individual and citizen of the United States who resides at 1290 Pebble Brook Road, Warminster, Pennsylva      nia 18974.

3.Defendant Daniel Vollrath is an adult individual who is employed by Abington Township as the Senior Code Enforcement Officer. He has a business address at 1176 Old York Road, Abington, Pennsylvania, 19001. At all relevant times, Defendant was an employee of the Township of Abington and was acting within the scope of his office. He is sued, however, in his individual capacity only.

4.Defendant Ken Clark is an adult individual who is employed by Abington Township as the Fire Marshal. He      has a business address at 1176 Old York Road, Abington, Pennsylvania, 19001. At all relevant times, Defendant was an employee of the Township of Abington and was acting within the scope of his office. He is sued, however, in his individual capacity only.

5.Defendant Officer Tim Holt (hereinafter "Holt") is a duly appointed police officer for Abington Township Police Department. Defendant Holt is being sued both as an individual and in his official capacity as a police officer.

6.Defendant Officer      Sean Gargan (hereinafter "Gargan") is a duly appointed police officer for Abington Township Police Department. Defendant Gargan is being sued both as an individual and in his official capacity as a police officer.

7.The activities of Defendants as set forth herein constituted state action within the meaning of the Civil Rights Act, 42 U.S.C. Section 1983 and 1985.

8.At all relevant times, Defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the Commonwealth of Pennsylvania, County of Montgomery, township of Abington.

9.At all times relevant to this complaint, the Defendants acted jointly, and in concert with each other. Each Defendant had the duty and the opportunity to protect the Plaintiff from the unlawful actions of the other Defendant but eac         h Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiff's injuries and damages.

10.At all times relevant to this complaint, Defendants acted separately, in concert, in agreement and in conspiracy with each other to deprive Plaintiff of his Constitutional rights and to inflict other harm.

## JURISDICTION

11.This claim arises under the Civil Rights Act, 42 United States Code, Sections 1983, 1988, and 1985, and the pendent claims under Pennsylvania law are asserted pursuant to    the Court's supplemental jurisdiction, 28 U.S.C. Section 1367(a). Jurisdiction is invoked under the provisions of 28 U.S.C. Sections 1331 and 1367(a).

## VENUE

12.This Honorable Court possesses venue pursuant to 28 U.S.C. Section 1391(b).

## FACTS

13.Plaintiff is the owner of the property located at 1143 Easton Road, Abington, Pennsylvania. In 1999 Plaintiff applied for and acquired a building permit to renovate the premises into a take-out pizzeria.

14.On or about October 19, 2000, Plaintiff opens the business at 1143 Easton Road after acquiring an Occupancy Permit for the sale of food and passing inspection by the Abington Township Fire Marshal.

15.In or around September, 2000, Defendant Ken Clark notifies Plaintiff that his property will require sprinklers contrary to BOCA codes. Defendant Ken Clark grants Plaintiff two years from opening date in which to install sprinklers conditional upon Plaintiff first submitting a written and notarize    d statement acknowledging this agreement.

16.On or about September 27, 2000, Plaintiff faxed and hand delivered such statement to Abington Township Fire Marshal Ken Clark.

17.Several times over the next year, Defendants Clark and Vollrath entered Plaintiff's property at 1143 Easton Road unannounced with customers nearby with the sole purpose of harassing Plaintiff with threats of shutting Plaintiff's business down for failure to install sprinklers.

18.In or around 2000, Plaintiff installed several              temporary partitions at 1143 Easton Road as a prelude to installing a permanent dine-in area. Plaintiff was informed that such partitions violated building codes as they did not conform to the original blue prints/floor plans. Plaintiff immediately removed the partitions.

19.On or about April 16, 2001, Defendants Ken Clark and Dan Vollrath issued a summons against Plaintiff for violating building code for "changing the interior floor plan without proper authority" and for failure to forward a "

no    tarized agreement to sprinkler."

20.However, although this charges were specific only to the property at 1143 Easton Road, Defendants intentionally mailed these summons to 1169 Easton Road. As of 1997, Plaintiff did not own this property and therefore did not receive mail at this property nor had he any connection whatsoever with this property.   Defendants were fully aware

that Plaintiff would not receive these notices of summons and caused Plaintiff to appear

as though he had ignored the summons.

21.Furthermore, Plaintiff had already faxed and hand delivered to the

Defendants on several occasions the "notarized agreement to sprinkler"

 the building at 1143 Easton Road which would allow Plaintiff two years in which to install.

Defendants deliberately and maliciously denied receipt of this document in spite of the

fact that Defendant Ken Clark's handwritten comments         can be found on a copy of such

submitted document.

22.Neither BOCA codes nor Pennsylvania law required Plaintiff to sprinkler the

premises at 1143 Easton Road, but Defendants continued to harass and intimidate

Plaintiff with threats of closing down his business.

23.On or about October 22, 2001, unbeknownst to Plaintiff, Defendant Daniel

Vollrath filed a complaint for a warrant with the local district justice for Plaintiff's arrest for

"Failure to Respond"

 to the original summons that were mailed        to 1169 Easton Road. Plaintiff interacted with

Defendants in person on several occasions thereafter and never did Defendants mention

the outstanding warrant nor the ability to remedy the alleged "violations"

 at 1143 Eaton Road.

24.On or about December 1, 2001, two uniformed Abington police officers,

Defendants Holt and Gargan, entered Plaintiffs property at 1143 Easton Road, and

announced that Plaintiff and his wife were under arrest and proceeded to handcuff

Plaintiff. Plaintiff demanded to know        why he was being arrested and the officers merely

responded that a warrant was issued. Plaintiff demanded to see the warrant but the

officers produced nothing more than the original notices of summons for the alleged

code violations at 1143 Easton Road.

25.Plaintiff demanded the actual warrant and conveyed to the officers that he

was being falsely arrested. The police officers proceeded to un-cuff the Plaintiff, discussed the situation among themselves and then re-handcuffed the Plaintiff explaining that they would produce the warrant at the courthouse.

26.Defendants Ken Clark and Daniel Vollrath were both at the local courthouse when Plaintiff arrived. Defendants clearly lacked probable cause to have Plaintiff arrested as they knew Plaintiff had not violated any building codes and had never received notices of the summon s intentionally mailed to the vacant 1169 Easton Road.

## COUNT I  CIVIL RIGHTS VIOLATION

### 42 U.S.C. §1983 and 42 U.S.C. §1985 (Civil Conspiracy)

27.The allegations contained in Paragraphs 1 through 26 above are incorporated by reference herein as if fully set forth.

28.In taking the actions set forth above, Defendants conspired and caused Plaintiff to be falsely arrested without a warrant and without probable cause depriving Plaintiff of his clearly established and well-settled federally protected rights under the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the Unit ed States.

29.In the manner described herein, above and below, both Defendants deprived Plaintiff of his right to equal protection of the law, freedom from unlawful search and seizure, and to due process of law as secured to the Plaintiff by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States and by Title 42 U.S.C. §1983 and 42 U.S.C. §1985.

30.Plaintiff is entitled to recover compensatory damages, including future pecuniary losses, emotional pain, suffering, inco nvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, and punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory

and punitive damages, as well as attorney's fees and costs.

### COUNT II  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31.The allegations contained in Paragraphs 1 through 30 above are incorporated by reference herein as if fully set forth.

32.Defendants' conduct, as set forth herein, was extreme, outrageous and calculated to cause Plaintiff extreme emotional distress.

33.Defendants' conduct constitutes intentional infliction of emotional distress.

34.As a direct and proximate result of the intentional infliction of emotional distress committed by Defendant      s, Plaintiff has suffered the injuries and damages alleged above.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, as well as attorney's fees and costs.

LAW OFFICE OF RANDALL & HOMEL, LLC

Dated: _____          BY:_____

GLENN RANDALL, ESQUIRE