**RANDALL & HOMEL, LLC**
**BY: Glenn Randall, Esquire**
**PA Atty ID No. 81675**
**1511 Norristown Road**
**Ambler, PA 19002**
**215-591-9843**
**Attorney for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
**JOHN VALDETARRO:**
                                                            :
                        **Plaintiff:CIVIL ACTION**
                                                            :
                                                            :NO. _____
                                                            :
                                                            :**THIS IS AN ARBITRATION**
**v.:**
                                                            :
**DANIEL VOLLRATH:**
                                                            :
**and:**
                                                            :
**KEN CLARK:**
                                                            :
**and:**
                                                            :
**OFFICER TIM HOLT:**
                                                            :
**and:**
                                                            :
**OFFICER SEAN GARGAN:**
                                                            :
            **Defendants:**
_____:

**PLAINTIFF'S RESPONSE ANDMEMORANDUM OF LAW TO DEFENDANTS' MOTION  TO DISMISS**
**PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)**

**I. BACKGROUND**

Plaintiff was the owner of the property located at 1143 Easton Road, Abington, Pennsylvania and in 1999 Plaintiff applied for and acquired a building permit to renovate the premises into a take-out pizzeria. On or about October 19, 2000, Plaintiff opened the business at 1143 Easton Road after acquiring an Occupancy Permit for the sale of food and passing inspection by the Abington Township Fire Marshal.

In or around September, 2000, Defendant Ken Clark notified Plaintiff that his property will require sprinklers contrary to BOCA codes. Defendant Ken Clark granted Plaintiff two years from opening date in which to install sprinklers conditional upon Plaintiff first submitting a written and notarized statement acknowledging this agreement.

On or about September 27, 2000, Plaintiff faxed and hand delivered such statement to Abington Township Fire Marshal Ken Clark.

Several times over the next year, Defendants Clark and Vollrath entered Plaintiff's property at 1143 Easton Road unannounced with customers nearby with the sole purpose of harassing Plaintiff with threats of shutting Plaintiff's business down for failure to install sprinklers.

In or around 2000, Plaintiff installed several partitions at 1143 Easton Road as a prelude to installing a permanent dine-in area. Plaintiff was informed that such partitions violated building codes as they did not conform to the original blue prints/floor plans. Plaintiff immediately removed the partitions.

On or about April 16, 2001, Defendants Ken Clark and Dan Vollrath issued a summons against Plaintiff for violating building code for "changing the interior floor plan without proper authority" and for failure to forward a " notarized agreement to sprinkler."

However, <u>although these charges were specific only to the property at 1143 Easton Road, Defendants intentionally mailed these summons to 1169 Easton Road. As of 1997, Plaintiff did not own this property and therefore did not receive mail at this property nor had he any connection whatsoever with this property</u>. Defendants were fully aware that Plaintiff would not receive these notices of summons and caused Plaintiff to appear as though he had ignored the summons.

Furthermore, Plaintiff had already faxed and hand delivered to the Defendants on several occasions the "notarized agreement to sprinkler" the building at 1143 Easton Road which would allow Plaintiff two years in which to install. Defendants deliberately and maliciously denied receipt of this document in spite of the fact that Defendant Ken Clark's handwritten comments can be found on a copy of such submitted document.

Neither BOCA codes nor Pennsylvania law required Plaintiff to sprinkler the premises at 1143 Easton Road, but Defendants continued to harass and intimidate Plaintiff with threats of closing down his business.

**FOURTH AMENDMENT CLAIM**

On or about October 22, 2001, unbeknownst to Plaintiff, Defendant Daniel Vollrath filed a complaint for a warrant with the local district justice for Plaintiff's arrest for "Failure to Respond" to the original summons that were mailed to 1169 Easton Road. Plaintiff interacted with Defendants in person on several occasions thereafter and never did Defendants mention the outstanding warrant nor the ability to remedy the alleged "violations" at 1143 Easton Road.

On or about December 1, 2001, two uniformed Abington police officers, Defendants Holt and Gargan, entered Plaintiffs property at 1143 Easton Road, and announced that Plaintiff and his wife were under arrest and proceeded to handcuff

Plaintiff. Plaintiff demanded to know why he was being arrested and the officers merely responded that a warrant was issued. Plaintiff demanded to see the warrant but the officers produced nothing more than the original notices of summons for the alleged code violations at 1143 Easton Road.

Plaintiff demanded the actual warrant and conveyed to the officers that he was being falsely arrested. The police officers proceeded to un-cuff the Plaintiff, discussed the situation among themselves and then re-handcuffed the Plaintiff explaining that they would produce the warrant at the courthouse.

Defendants Ken Clark and Daniel Vollrath were both at the local courthouse when Plaintiff arrived. Defendants clearly lacked probable cause to have Plaintiff arrested as they knew Plaintiff had not violated any building codes and had never received notices of the summons intentionally mailed to the vacant 1169 Easton Road.

"

In determining whether Appellant was lawfully arrested, we begin with the notion that law enforcement authorities must have a warrant to arrest an individual in a public place unless they have probable cause to believe that 1) a felony has been committed; and 2) the person to be arrested is the felon. Commonwealth v. Travaglia, 502 Pa. 474, 484, 467 A2d 288,292 (1983). A warrant is also required to make an arrest for a misdemeanor, unless the misdemeanor is committed in the presence of the police officer. Commonwealth v. Freeman, 356 Pa.Super. 332, 340, 514 A.2d 884, 888 (1986); Commonwealth v. Reeves, 223 Pa.Super. 51, 52-53, 297 A.2d 142, 143 (1972)

Defendants Holt and Gargan arrested Plaintiff without a warrant in their possession nor did they have probable cause. They were sent by Defendants Vollrath and Clark to arrest Plaintiff with nothing more than the original summonses. Defendants Vollrath and Clark set in motion the chain of events that led to Plaintiff's arrest thereby violating his fourth amendement rights. The arresting officers had no warrant and therefore no cause to arrest

Plaintiff as there were no exigent circumstances which would allow for a warrantless arrest. Acting without a warrant and without reason to believe a felony had occurred, the officers falsely arrested Plaintiff in violation of the fourth amendment.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, as well as attorney's fees and costs.

**FOURTEENTH AMENDMENT CLAIM**

Plaintiff was not in continual violation of building codes at his pizzeria. In 1999 Plaintiff applied for and acquired a building permit to renovate the premises into a take-out pizzeria. On or about October 19, 2000, Plaintiff opened the business at 1143 Easton Road after acquiring an Occupancy Permit for the sale of food and passing inspection by the Abington Township Fire Marshal.

In or around September, 2000, Defendant Ken Clark notified Plaintiff that his property will require sprinklers contrary to BOCA codes. Defendant Ken Clark granted Plaintiff two years from opening date in which to install sprinklers conditional upon Plaintiff first submitting a written and notarized statement acknowledging this agreement.

Plaintiff faxed and hand delivered to the Defendants on several occasions the "notarized agreement to sprinkler" the building at 1143 Easton Road which would allow Plaintiff two years in which to install. Defendants deliberately and maliciously denied receipt of this document in spite of the fact that Defendant Ken Clark's handwritten comments can be found on a copy of such submitted document.

<u>Although the subject code violations were specific only to the property at 1143 Easton Road, Defendants intentionally mailed these summons to 1169 Easton Road. As of 1997, Plaintiff did not own this property and therefore did not receive mail at this property nor had he any connection whatsoever with this property</u>. Defendants were fully aware

that Plaintiff would not receive these notices of summons and caused Plaintiff to appear as though he had ignored the summons.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, as well as attorney's fees and costs.

**CIVIL CONSPIRACY PURSUANT TO §1985**

In taking the actions set forth above, Defendants conspired and caused Plaintiff to be falsely arrested without a warrant and without probable cause depriving Plaintiff of his clearly established and well-settled federally protected rights under the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

In the manner described herein, above and below, both Defendants deprived Plaintiff of his right to equal protection of the law, freedom from unlawful search and seizure, and to due process of law as secured to the Plaintiff by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States and by Title 42 U.S.C. §1983 and 42 U.S.C. §1985.

Defendants take its quotes of , 460 US 719 (1983) and Griffen v. Breckenridge, 403 US 88 (1971) out of context and fail to quote the cases fully. No portion of Title 42 U.S.C. §1983 states that a claim under this section must be based on some racial or class based invidious discrimination. The Court in Griffen qualifies its opinion by stating that "The conspiracy, in other words, must aim at deprivation of the equal enjoyment of rights secured by the law to all." (emphasis added).

Defendants conspired against Plaintiff on an economic level. Plaintiff's business created competition for other local established restaurants. Defendants conspired to put Plaintiff out of business to remove this added competition. Such conduct is a clear deprivation of the equal enjoyment of rights secured by the law to all.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, as well as attorney's fees and costs.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Defendants' conduct, as set forth herein, was extreme, outrageous and calculated to cause Plaintiff extreme emotional distress. Plaintiff was summarily arrested in his place of business without a warrant in view of the general public and customers in an attempt to intimidate him and subsequently drive him out of business to protect other local pizzerias.

Plaintiff's claim for emotional distress meets the two pronged test of §8542 of the Pennsylvania Political Subdivision Tort Claims Act. Should Plaintiff's cause for Intentional infliction of emotional distress fails, Defendants are at least liable for Negligent Infliction of Emotional Distress, hereby pled in the alternative, which is cognizable under common law and is a claim actionable against a person not having an available defense of immunity. Furthermore, Defendants at least negligently caused Plaintiff emotional distress by causing him to be arrested.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, as well as attorney's fees and costs.

**QUALIFIED IMMUNITY**

None of the Defendants could have reasonably believed that their conduct comported with established legal standards. Defendants Vollrath and Clark knew Plaintiff would not receive the subject summons' and the arresting officers arrested Plaintiff without a warrant in their possession and did not obtain one until the district justice hearing.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, as well as attorney's fees and costs.

**LAW OFFICE OF RANDALL & HOMEL, LLC**

**Dated:** _____    **BY:**_____

                                        **Glenn Randall, Esquire**

**RANDALL & HOMEL, LLC**
**BY: Glenn Randall, Esquire**
**PA Atty ID No. 81675**
**1511 Norristown Road**
**Ambler, PA 19002**
**215-591-9843**
**Attorney for Plaintiff**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
**JOHN VALDETARRO:**
                                    :
            **Plaintiff:CIVIL ACTION**
                                    :
                                    :NO. _____
                                    :
                                    :THIS IS AN ARBITRATION
**v.:**
                                    :
**DANIEL VOLLRATH**
**KEN CLARK:**
**OFFICER TIM HOLT:**
**OFFICER SEAN GARGAN:**
                                    :
            **Defendants:**
_____:

### ORDER

        AND NOW, this _____ day of _____, 2002, upon

consideration of Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal

Rule of Civil Procedure 12(b)(6), it is hereby ORDERED AND DECREED that said Motion is

DENIED.

**BY THE COURT:**

_____

**Gentlemen.**

**RANDALL & HOMEL, LLC**
**BY: Glenn Randall, Esquire**
**PA Atty ID No. 81675**
**1511 Norristown Road**
**Ambler, PA 19002**
**215-591-9843**
**Attorney for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
**JOHN VALDETARRO:**
                              :
            **Plaintiff:CIVIL ACTION**
                              :
                              :NO. _____
                              :
                              :THIS IS AN ARBITRATION
**v.:**
                              :
**DANIEL VOLLRATH**
**KEN CLARK:**
**OFFICER TIM HOLT:**
**OFFICER SEAN GARGAN:**
                              :
            **Defendants:**
_____:

**CERTIFICATE OF SERVICE**

I, Glenn Randall, Esquire, do hereby certify that a true and correct copy of Plaintiff's

**Response to Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6)**

**and Supporting Memorandum of Law was served upon all parties by first class mail on**

_____ **to the following address:**
**MARSHALL, DENNEHEY, WARNER**
**Attn: Joseph J. Santarone, Jr., Esquire**
**One Montgomery Plaza, Suite 1002**
**Norristown, PA 19401**


_____

                                                 **Glenn Randall, Esquire**