**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN VALDETARRO** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | **No. 02-CV-2870** |
| | : | |
| | : | |
| **DANIEL VOLLRATH, ET AL.** | : | |

**MEMORANDUM AND ORDER**

**Timothy J. Savage, J.**                                                    **December 24, 2002**

In this § 1983 civil rights case arising out of an alleged false arrest by municipal

police officers, the plaintiff claims that the township fire marshal and its code enforcement

officer conspired with two police officers to arrest him in violation of his constitutional rights.

The plaintiff also asserts a supplemental state court claim for intentional infliction of

emotional distress.  The defendants have moved to dismiss the complaint, arguing that the

plaintiff has failed to state a claim and raising qualified immunity as well as immunity under

the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, *et seq.* ("Tort

Claims Act").

At a pretrial conference held on November 26, 2002, the plaintiff consented to the

dismissal of the complaint as to the arresting police officers, defendants Sean Gargan and

Tim Holt.  The plaintiff also agreed to withdraw his punitive damages claim against the

remaining defendants.  Thus, the only remaining issues are whether the plaintiff has stated

claims for a violation of his civil rights and for intentional infliction of emotional distress

against the two township officials and whether they are protected by qualified immunity and the Tort Claims Act.

The history leading to the plaintiff's arrest by Abington Township police is recited in the complaint.[1] In October 2000, after passing inspection by the defendant Ken Clark ("Clark"), the township Fire Marshal, and acquiring the necessary occupancy permit, the plaintiff opened a pizzeria at 1143 Easton Road, in Abington Township, Montgomery County. (Compl. ¶ 14). A few weeks before the opening, Clark had informed the plaintiff that he would need to install a sprinkler system within two years. Plaintiff agreed to install the sprinklers. (Compl. ¶ 15). He faxed and hand delivered to Clark his agreement to install the sprinkler system within two years. (Compl. ¶ 16).

Despite the two year grace period, Clark and the defendant Daniel Vollrath ("Vollrath"), the township Senior Code Enforcement Official, entered the plaintiff's establishment several times and threatened to close the business if sprinklers were not installed. (Compl. ¶ 17). In April 2001, even though a sprinkler system was not required by the township code and a temporary partition had been removed after the plaintiff was notified to do so, Clark and Vollrath caused a summons to be issued against the plaintiff for code violations. (Compl. ¶ 18-19). Though the summons related to purported code violations at premises 1143 Easton Road, it was purposely mailed to 1169 Easton Road, a property which the plaintiff did not own or occupy. Consequently, the plaintiff never received the summons. (Compl. ¶ 20).

---

[1] In considering the defendants' motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all allegations pled in the complaint and must draw all reasonable inferences in favor of the plaintiff. *Lake v. Arnold*, 232 F.3d 360, 365 (3d Cir. 2000). The complaint can be dismissed only where it is clear that under no set of facts drawn from the plaintiff's complaint can relief be granted. *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001).

On October 22, 2001, Vollrath filed a criminal complaint with the local district justice for the issuance of an arrest warrant for the plaintiff's failure to respond to the original summons. (Compl. ¶ 23). On December 1, 2001, two Abington Township police officers[2] entered the plaintiff's business and placed him under arrest and transported him to the courthouse. (Compl. ¶¶ 24, 26).

### Civil Rights Claim

To establish a §1983 claim, a plaintiff must "demonstrate that a person acting under color of law deprived him of a federal right." *Berg v. County of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000). To be considered "acting under color of state law," a § 1983 defendant must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). Acts of a state or local employee are found generally to have occurred under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 n.5 (1985).

It is indisputable that the township officials were acting under color of law. The fire marshal and the code enforcement officials were doing so when they inspected, visited and cited the plaintiff's business, and when they requested and obtained the arrest warrant. Our inquiry then turns to identifying the federal right or rights allegedly violated. *Berg*, 219 F.3d at 268. In the present case, plaintiff alleges that he was falsely arrested in violation

---

[2] The officers who executed the arrest warrant, Gargan and Holt, are named as defendants. The plaintiff has agreed to the dismissal of these two defendants.

of the Fourth, Fifth and Fourteenth Amendments.[3]  "The constitutionality of arrests by state officials is governed by the Fourth Amendment rather than due process." *Berg*, 219 F.3d at 269 (*citing County of Sacramento v. Lewis*, 523 U.S. 833, 842-43 (1998)).  The analysis of a false arrest claim under the Fourth Amendment requires a three-part test: (1) was the plaintiff seized; (2) was the seizure unreasonable; and, (3) which defendants are liable for the seizure?  *Berg*, 219 F.3d at 269.

A Fourth Amendment seizure occurs if a person is "detained by means intentionally applied to terminate his freedom of movement."  *Id.*  In the present case, plaintiff was unquestionably seized the moment he was placed in handcuffs by the township police officers.

We next consider whether the arrest was unreasonable.  "The proper inquiry in a § 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person had committed the offense."  *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988).  However, an erroneously issued warrant can never provide the requisite probable cause to sustain an arrest.  *Berg*, 219 F.3d at 269-70 (*citing Whiteley v. Warden*, 401 U.S. 560 (1971)).  In this case, the underlying summons was based upon frivolous grounds and was mailed to an address where the defendants knew the plaintiff would not receive it.  Therefore, when Clark and Vollrath obtained the arrest warrant based upon the plaintiff's

---

[3] Defendants attempt to insulate themselves by suggesting that the sole cause of plaintiff's arrest was his code violations, and the defendants themselves had no direct involvement in the wrongful conduct.  However, in disposing of a motion to dismiss pursuant to Rule 12(b)(6), a court cannot simply decide to discard the averments in the complaint and accept the defendants' version of the events as fact, even if it appears that the chances of recovery are remote.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

failure to respond to the summons, they did not have probable cause to support the issuance of an arrest warrant. *See Groman v. Township of Manalapan*, 47 F.3d 628, 635 (3d Cir. 1995) (*citing Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 191 (3d Cir. 1984) (stating that existence of probable cause is generally a factual issue)).

The fact that Clark and Vollrath did not physically arrest the plaintiff does not protect them from liability. "A government official's liability for causing an arrest is the same as for carrying it out." *Berg*, 219 F.3d at 272. A police officer who obtains a warrant without probable cause can be found liable even though the actual arrest was effectuated by another officer. *See Malley v. Briggs*, 475 U.S. 335, 345 (1986). In applying this rationale, the Third Circuit has stated that it is "clear that § 1983 liability for an unlawful arrest can extend beyond the arresting officer to other officials whose intentional actions set the arresting officer in motion." *Berg*, 219 F.3d at 272. Thus, the plaintiff states a claim against Clark and Vollrath, the persons who caused the arrest warrant to be issued without probable cause.

## Immunity

Government officials are entitled to immunity from civil damages where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would be aware. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A clearly established right is one where the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "Where an official could be expected to know that certain conduct would violate statutory or constitutional rights, he should be made to

hesitate; and a person who suffers injury caused by such conduct may have a cause of action." *Harlow*, 457 U.S. at 819.

At this point, defendants Clark and Vollrath are not entitled to immunity. According to the complaint, the defendants knowingly attempted to enforce a non-existent code provision, caused a summons to be issued on the non-existent code provision, intentionally sent the summons to a wrong address, and caused an arrest warrant to be issued when the plaintiff did not respond to the summons. Any reasonable person would have paused to consider whether his or her conduct was in violation of the clearly established constitutional right to be free from unlawful seizure. No one can seriously contend in good faith that having someone arrested under the circumstances presented here would not violate a clearly established constitutional right.

The Tort Claims Act provides immunity for state and municipal officials from liability on state law tort claims. 42 Pa.C.S.A. § 8541, *et seq*. Where it is determined that the wrongful act or acts were the result of "willful misconduct," municipal officials are not immune from suit. *Brown v. Muhlenberg Township*, 269 F.3d 205, 217-18 (3d Cir. 2001). Willful conduct in this context is identical to an intentional tort. *Id*. (*quoting Delate v. Kolle*, 667 A.2d 1218, 1221 (Pa. Commw. Ct. 1995)). Affording plaintiff all inferences to which he is entitled, a jury could conclude that the defendants Clark and Vollrath acted maliciously and willfully in causing plaintiff to be arrested without probable cause. Therefore, they are not entitled to immunity under the Tort Claims Act.

**Intentional Infliction of Emotional Distress**

Moving to dismiss the intentional infliction of emotional distress claim, the

defendants argue that their conduct did not rise to the level of extreme and outrageous.

There are three elements required for a showing of intentional infliction of emotional distress: (1) extreme or outrageous conduct; (2) the conduct caused some emotional distress; and, (3) the defendant acted intending to cause such distress or knowing that such distress would substantially occur. *Hoy v. Angelone*, 720 A.2d 745, 753-54 (Pa. 1998).

Where a defendant's behavior constitutes "intolerable professional conduct," it can be considered extreme and outrageous. *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3d Cir. 1979); *Banyas v. Lower Bucks Hospital*, 437 A.2d 1236 (Pa. Super. Ct. 1981). Applying the deferential standard to plaintiff's complaint as is required in considering a motion to dismiss, we believe that a jury could conclude that the intolerable professional conduct of the Fire Marshal and the Senior Code Enforcement Official in falsifying charges against the plaintiff in order to obtain the warrant for his arrest constituted extreme and outrageous behavior. (Compl. ¶¶ 19-23).

## Conclusion

The plaintiff's complaint states a § 1983 claim against the township officials for false arrest because it alleges they intentionally secured an arrest warrant which they knew was not supported by probable cause. Because the defendants Clark and Vollrath knew or should have known that intentionally obtaining the arrest warrant which was not supported by probable cause violated a well-established constitutional right, they are not entitled to qualified immunity. The Tort Claims Act does not apply to the intentional conduct of the defendants. Accordingly, the motion to dismiss the claims against defendants Clark and

Vollrath will be denied.

With respect to the defendants Gargan and Holt, the motion will be granted with the plaintiff's consent.  Because the plaintiff has agreed to withdraw his claim for punitive damages, that claim will be dismissed.

An appropriate order follows.

$\underline{\hspace{5cm}}$
TIMOTHY J. SAVAGE, J.